S.D.N.Y.–N.Y.C.
23-cv-2171
Rearden, J.

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of April, two thousand twenty-three.

Present:
    Pierre N. Leval,
    Denny Chin,
    Richard J. Sullivan,
        *Circuit Judges*.

In Re: Voyager Digital Holdings, Inc.,
    *Debtors*.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Voyager Digital Holdings, Inc.,

    *Debtor-Appellant*,

Official Committee of Unsecured Creditors
of Voyager Digital Holdings, Inc.,

    *Intervenor-Appellant,*

    v.        23-467 (L), 23-469 (Con)

United States of America, United States Trustee
for Region 2,

    *Trustees-Appellees*.

Appellants move for emergency vacatur of the district court's stay, pending appeal, of the bankruptcy court's confirmation order. Appellees oppose.

Upon due consideration of the parties' submissions, it is hereby ORDERED that this appeal is DISMISSED for lack of jurisdiction. The stay is neither a final order for purposes of 28 U.S.C.

§ 158(d), *In re Flor*, 79 F.3d 281, 283 (2d Cir. 1996), nor sufficiently like an injunction for purposes of 28 U.S.C. § 1292(a)(1), *Nosik v. Singe*, 40 F.3d 592, 596 (2d Cir. 1994). It also does not meet the requirements of the "collateral order" doctrine. *Belya v. Kapral*, 45 F.4th 621, 629 (2d Cir. 2022). Contrary to Appellants' arguments, we detect no other basis through which we may exercise jurisdiction.

Finally, we deny Appellants' petition for a writ of mandamus, as they fail to show that the district court usurped power or clearly abused its discretion in granting a stay pending appeal. *See Kensington Int'l Ltd. v. Republic of Congo*, 461 F.3d 238, 242 (2d Cir. 2006).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court